NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 14-1190


JAHLIA JOUBERT, ET AL.

VERSUS

LIBERTY MUTUAL FIRE INSURANCE COMPANY, ET AL.


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2013-10874
HONORABLE DURWOOD WAYNE CONQUE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

DAVID KENT SAVOIE
JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Shannon J. Gremillion, and David Kent
Savoie, Judges.


AFFIRMED.

**Sherman Stanford**
**Alex Z. Stanford**
**Stanford Law Firm**
**P. O. Box 1237**
**535 South Court Street**
**Opelousas, LA 70571-1237**
**(337) 948-4113**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Jahlia Joubert**
    **Jaquira Brown**

**Bruce D. Beach**
**Law Office of Keith S. Giardina**
**9100 Bluebonnet Centre Blvd., Suite 300**
**Baton Rouge, LA 70809**
**(225) 293-7272**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Liberty Mutual Fire Ins. Co.**
    **Shella Poullard**

**SAVOIE, Judge.**

Jahlia Joubert and Jaquira Brown filed suit in district court against Shella Poullard and Liberty Mutual Fire Insurance Company for injuries sustained in an automobile accident. The trial court found in favor of the defendants, and the plaintiffs have appealed. For the following reasons, we affirm.

## Facts

On March 11, 2013, Jahlia Joubert was driving in a westerly direction on West Hutchinson Avenue in Crowley, Louisiana, with Jaquira Brown as his guest passenger, when he came upon the intersection of West Hutchinson Avenue and North Western Avenue. This intersection is controlled by a four-way stop sign. Shella Poullard was driving in a southerly direction on North Western Avenue, with Kylan Poullard as her guest passenger, when she approached the same intersection. The two vehicles collided with the Joubert vehicle impacting the Poullard vehicle on the rear driver's side door. A police officer was called to the scene, but, because of the conflicting accounts of the events by the parties involved, he could not assess fault. No injuries were reported at the scene of the accident, however, both Plaintiffs later complained of injuries and treated with a chiropractor for approximately three and a half months.

Jahlia Joubert and Jaquira Brown filed suit against Shella Poullard and her insurance company, Liberty Mutual Fire Insurance Company. After a bench trial, the trial court ruled in favor of Defendants finding the Plaintiffs did not maintain their burden of proof.

## ASSIGNMENT OF ERROR

Was the court proper in concluding that a lack of external evidence precluded the ability to effectively weigh the parties' testimony?

## LAW AND DISCUSSION

It is well settled that a court of appeal may not set aside a trial court's . . . finding of fact in the absence of "manifest error" or unless it is "clearly wrong," and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. . . . Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. In applying the manifestly erroneous-clearly wrong standard to the findings below, appellate courts must constantly have in mind that their initial review function is not to decide factual issues de novo.

*Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989) (citations omitted).

Jahlia Joubert testified that he came to a complete stop at the stop sign. He further testified that he saw the Poullard vehicle slow down as it approached the intersection. He then stated that, as he pulled forward through the intersection, he collided with the Poullard vehicle.

Shella Poullard's version of events differs from Jahlia Joubert's. Shella Poullard testified that she came to a complete stop at the sign. She stated that she did not see the Joubert vehicle at the stop sign. At that point, she proceeded into the intersection and was hit by the Joubert vehicle.

Louisiana Revised Statute 32:123(B) states:

[E]very driver and operator of a vehicle approaching a stop intersection indicated by a stop sign shall stop before entering the crosswalk on the near side at a clearly marked stop line, but if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection. After having stopped, the driver shall yield the right-of-way to all vehicles which have entered the intersection from another highway or which are approaching so closely on said highway as to constitute an immediate hazard.

Both Jahlia Joubert and Shella Poullard claim they stopped at the stop sign and yielded to all vehicles, in accordance with the above statute. La.R.S. 32:121(A) provides, "When two vehicles approach or enter an intersection from different

2

highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right." In the present case, the driver on the left at the time of the accident was the plaintiff, Jahlia Joubert. Assuming both vehicles approached the stop sign at approximately the same time, it was Jahlia Joubert's duty to yield to Shella Poullard.

The trial court stated in its oral ruling there were "two drivers who say exactly the opposite with regard to who stopped, who proceeded first, and who had the right to go through the intersection." The trial court did not find the passengers' testimony helpful, and, also, found it significant that the police officer did not issue any citations. The trial court further found the witnesses to be credible. He concludes his oral reasons by stating that evidence was not produced at trial by Plaintiffs to prove their case by a preponderance of the evidence. We do not find the ruling of the trial court to be manifestly erroneous based on the evidence presented.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Jahlia Joubert and Jaquira Brown.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.